Philip M. Black (SBN 308619)
Samuel Coffin (*pro hac vice* application to be filed)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone:  (212) 759-4600
Email: pblack@wolfpopper.com

Jared K. Carter (*pro hac vice* application to be filed)
**KINGSBURY LAW PLLC**
70 S. Winooski Ave, #280
Burlington, VT 05401
Telephone: (207) 319-6050
Email: kingsburylawoffice@gmail.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PETER CARTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANCE GOLF PRODUCTS, LLC and BLACK FISH MEDIA, LLC,<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Peter Carter ("Plaintiff" or "Carter"), individually and on behalf of all others similarly situated, brings this action against Performance Golf Products, LLC and Black Fish Media, LLC (collectively "Performance Golf," "the Company," or "Defendants"), and alleges on information and belief, except as to the allegations that pertain to Plaintiff, which are based on personal knowledge, as follows:

## **INTRODUCTION**

1.      Plaintiff brings this class action on behalf himself and a class of all persons who were enrolled into Performance Golf's automatically renewing "Scratch Club" subscription after purchasing one of Defendants' other products, and were then charged on a monthly basis for the subscription.

2.      Performance Golf is a golf instruction company that sells instructional services and tutorial programs, which appear to be one-time purchases. However, consumers are often unknowingly enrolled into Performance Golf's automatically renewing "Scratch Club" subscription when purchasing these products. As a result, consumers end up with unexpected recurring charges on their credit or debit cards from Performance Golf for months or even years. As alleged herein, Performance Golf misleads customers about the nature of their purchases, fails to make customers aware of their enrollment into an automatically renewing subscription or the recurring charges associated therewith, and fails to obtain their informed consent before charging them.

3.      In March 2022, Plaintiff, an amateur golfer determined to improve his game before a tournament, purchased Performance Golf's "One Shot Slice Fix," which he believed to be a tutorial program subject to a one-time charge. However, unbeknownst to him, his purchase caused him to be enrolled in Defendants' automatically renewing Scratch Club subscription. As a result, Plaintiff was charged $19 every month when the subscription automatically renewed. These charges totaled $817 on his credit card by November 2025. Shocked and confused, he contacted Performance Golf to inquire about the unexpected and unexplained charges. Performance Golf agreed to cancel his Scratch Club subscription, but refused to provide a refund to him for all of recurring charges.

CLASS ACTION COMPLAINT                                                                              1

4. Online complaints on sites such as Better Business Bureau, popular golf forums, and Reddit corroborate Plaintiff's experience. For example, one post on Better Business Bureau seeks "to get the word out to folks that if you buy anything from Performance Golf, *they will surreptitiously add their annoying 'Scratch Club' subscription and bill your credit card $30 per month*." (Emphasis added). Similarly, Reddit threads also warn about Performance Golf's conduct, including ones titled "WARNING: Performance Golf (Click Stick, Speed Stick, etc) is a Marketing Scam" and "Performance Golf credit card billing scheme."

5. Defendants' conduct as alleged herein violates the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204(1); the California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1770(a)(5) and § 1770(a)(9); and the unlawful, unfair, and fraudulent prongs of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and has resulted in Defendants' unjust enrichment.

## PARTIES

6. Plaintiff Peter Carter is an individual and a resident of San Francisco, California.

7. Defendant Performance Golf Products, LLC is a Florida company with its headquarters in Fort Lauderdale and principal offices at 101 NE 3rd Ave #1500, Fort Lauderdale, FL 33301 (according to the Company's website).

8. Defendant Black Fish Media, LLC is a Florida company with headquarters in Fort Lauderdale and principal offices at 101 NE 3rd Ave #1500, Fort Lauderdale, FL 33301.

9. Together, Defendants own and operate a golf instruction company that primarily provides online golf training and instruction products and/or services.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332, because the proposed class consists of 100 or more potential class members; the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and minimal diversity exists. Plaintiff is a citizen of California and Defendants are citizens of Florida (where Defendants have their principal offices and under the laws of which Defendants are organized).

CLASS ACTION COMPLAINT                                                                    2

11.     This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in this district, and Plaintiff's claims arise out of Defendants' business within the forum.

12.     Venue properly lies in this district pursuant to 28 U.S.C. § 1391 because Plaintiff resides within this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## DIVISIONAL ASSIGNMENT

13.     Pursuant to Northern District of California Civil Local Rules 3-2(c), 3-2(d), and 3-5(b), assignment to the San Francisco Division of this district is proper because Plaintiff's residence and the place where he purchased Defendants' product is in San Francisco County, California.

## FACTUAL ALLEGATIONS

**Performance Golf's "Scratch Club": An Automatically Renewing Subscription**

14.     Performance Golf is an online golf instruction company that markets and provides a number of golf-related instructional services and training programs. On its website, Performance Golf markets an array of instructional services and training programs for golfers of all abilities. Further, it enables customers to purchase its services and programs on its online portal, which is accessible through its website.

15.     These instructional services and training programs include, among others, the "1-Shot Slice Fix," which Performance Golf markets on the website as a program that "eliminates your slice after just ONE shot on the range[.]" Performance Golf states that the One Shot Slice Fix was developed by the "Legendary Golf Instructor, Hank Haney, Who Coached Tiger Woods" and has been featured in prestigious publications such as Golf Digest, the New York Times, ESPN, Golf and Sports Illustrated.

16.     In addition to its instructional services and training programs such as the One Shot Slice Fix which are single training programs, Performance Golf offers a comprehensive digital subscription-based training program called "Scratch Club" that includes, among other features, access to video lessons, personalized practice plans, and swing analysis.

CLASS ACTION COMPLAINT                                                      3

17.     To purchase the 1-Shot Slice Fix through Performance Golf's website, customers must select a button that reads "Yes, Fix My Slice in ONE Shot," as depicted below:





          

*Source:* Performance Golf Website *(last accessed February 17, 2026).*

18.     Once customers have elected to purchase the One Shot Slice Fix, Performance Golf's website brings them to a confirmation of purchase, where they can enter their credit or debit card information, along with an Order Summary.

19.     To finalize the purchase of the One Shot Slice Fix, the Order Summary lists the purchase of the One Shot Slice Fix at the marketed price. However, unbeknownst to customers who had only intended to purchase the One Shot Slice Fix, the purchase automatically adds the Scratch Club, Performance Golf's digital subscription-based service, which it describes as being free for 14 days before $29/month, at a cost of $0.00. The picture below shows what the Order Summary, described above, looks like:

CLASS ACTION COMPLAINT                                                                                          4

**ORDER SUMMARY**

| | |
|---|---|
| One Shot Slice Fix | $47.00 |
| Scratch Club - 14 Days FREE, then $29/mo | $0.00 |
| Sales Tax | $0.00 |
| **Total** | **$47.00** |

☑ I agree to the terms and conditions

**Complete My Order**

*Source:* Performance Golf Website (*last accessed February 17, 2026*).

20.    Even if the customer were to notice the "14 Days FREE, then $29/mo" as pictured outside the cost column in the Order Summary above, it is not clear that this listed item, which is shown to have a cost of $0.00 beyond the order of the One Shot Slice Fix, enrolls the customer into an ongoing and automatically renewing charge each month. This presentation is misleading because it creates an impression that the purchase will impose no charge for the subscription.

21.    Far from having no cost as is advertised in the Order Summary, Performance Golf's surreptitious inclusion of Scratch Club into the purchase of the One Shot Slice Fix coercively imposes ongoing costs of $29 per month onto customers indefinitely.

**Plaintiff's Experience with Performance Golf's Scratch Club Subscription**

22.    In March 2022, Plaintiff purchased the "One Shot Slice Fix" training program from Defendants through their website for an advertised price of $39.00.

23.    The advertisements and order flow that Plaintiff saw when he purchased the One Shot Slice Fix were substantially similar to those depicted above.

CLASS ACTION COMPLAINT                                                                        5

24. At no point during the purchase process did Performance Golf disclose that Plaintiff's purchase would automatically enroll him into a Scratch Club subscription that would then automatically renew at a monthly charge.

25. At the confirmation page, Performance Golf again failed to disclose any information about the automatic renewal function of Scratch Club subscription.

26. As a result, Plaintiff completed the transaction and paid for the One Shot Slice Fix without knowing that he would then be enrolled in any subscription, let alone that he would be charged $19 per month for the Scratch Club subscription unless he affirmatively canceled it.

27. Plaintiff did not realize the recurring charges until November 2025, when he discovered that two weeks after his purchase of the One Shot Slice Fix, Performance Golf began billing him $19 for the Scratch Club subscription (which was apparently the monthly price at the time Plaintiff had purchased One Shot Slice Fix in 2022), and continued to do so every month after the subscription automatically renewed without Plaintiff's knowledge or consent. He was shocked because he was never notified that he had any subscription with Performance Golf at the time.

28. In November 2025, Plaintiff reached out to Performance Golf customer support to inquire about the charges. He was informed that he had been charged $19 per month from March 29, 2022 through October 28, 2025. Plaintiff informed Defendants that he never agreed to enroll in any Scratch Club subscription and that he had been completely unaware of the charges.

29. By that time, Defendants had already charged him a total of $817.00 for the subscription, which had been automatically renewed monthly for forty-three (43) months.

30. On November 27, 2025, the Performance Golf representative responded that Defendants had canceled Plaintiff's Scratch Club subscription, but confirmed that he had been charged $19.00 a month for forty-three months pursuant to a subscription that began when he purchased the One Shot Slice Fix.

31. The Performance Golf representative also informed Plaintiff that they had issued him a $114.00 refund (just 14% of the amount that Plaintiff had been billed for Scratch Club).

32. Throughout the almost four-year period that Performance Golf had been charging Plaintiff's credit card on a monthly basis, Performance Golf never informed Plaintiff about the

CLASS ACTION COMPLAINT                                                                 6

recurring charges, nor sought his consent to charge him, or to continue charging him, for the subscription. Plaintiff was not aware that he had any subscription, or that he was being charged for any subscription, and he never used the subscription.

33.     After his interaction with the Performance Golf representative in which he was offered a miniscule refund, Plaintiff reached out to demand a full refund, which Defendants refused to provide.

**Customer Reactions to Performance Golf's Practices**

34.     As explained above, Performance Golf enrolls customers who purchase an instructional service or training program into an automatically renewing subscription for Scratch Club and charges them a monthly fee indefinitely, without customers' informed consent, unless customers affirmatively cancel the subscription.

35.     Consequently, unbeknownst to customers like Plaintiff who believed that they had only purchased the One Shot Slice Fix or similar products (i.e. a one-time training program with a one-time fee), once they have been enrolled into Scratch Club without their knowledge or consent, Performance Golf charges them every month until the customer proactively cancels the subscription. Many customers, like Plaintiff, have been charged by Performance Golf for the subscription for years without realizing it, or having the opportunity to avail themselves to the services they paid for, which has resulted in substantial financial injury to the enrichment of Defendants.

36.     Online complaints illustrate Performance Golf's practice of surreptitiously bundling Scratch Club with various of its products, including but not limited to the One Shot Slice Fix, and thereby enrolling customers into the automatically renewing subscription of Scratch Club.

37.     There are over 800 complaints on the Better Business Bureau's website alone about Performance Golf, many of which reference the same conduct alleged herein.

38.     For example, one of the posts on the Better Business Bureau's website from January 2026 states:

I purchased a video series for $47 in August of 2024. This was a one-time purchase.

A subscription package for "Scratch Golf" was added to my cart during checkout

unbeknownst to me. This was a 14-day trial, that then automatically converted to a

CLASS ACTION COMPLAINT                                                              7

$29 per month charge, which has been billed on my credit card since August of 2024, as I just learned. I emailed this week to dispute and was offered a $59 refund, which doesn't seem commensurate with the $493 I've been milked for over the last 17 months. Very dishonest practices, and would highly suggest against patronizing.

*Source:* https://www.bbb.org/us/fl/fort-lauderdale/profile/golf-lessons/performance-golf-0633-90564846/complaints *(last visited February 17, 2026).*

39. Another post on the Better Business Bureau's website from December 2025 states:

I purchased a practice golf club which I saw on Instagram. The club was shipped to me and I paid for it. I sat through a high pressure sales call to convince me to enroll in some ridiculous virtual REMOVED or some nonsense that I had no interest in. I told the representative NO several times. Suddenly I had $31 monthly charges on my credit card and then two months after a $317 charge!!! This is fraud. I never agreed to purchase any service. I have never watched a video or downloaded an app. Theft-pure and simple.

*Source:* https://www.bbb.org/us/fl/fort-lauderdale/profile/golf-lessons/performance-golf-0633-90564846/complaints *(last visited February 17, 2026).*

40. The widespread nature of Performance Golf's deceptive practices has also been widely discussed on forums within the golf community. In the comment section of a "My Golf Spy" forum titled "Performance Golf Scam," multiple comments recount customer experiences with Performance Golf's subscription enrollment and renewal scheme, with one post from May 1, 2024 stating:

Little did I know that when you buy anything from Performance Golf, they automatically sign you up for a $30/month subscription to their "Scratch Club" which includes training content and a constant bombardment of emails. I checked the Better Business Bureau and there are multiple complaints of people who had similar experiences to mine. I caught the monthly charge quickly and filed a complaint w BBB and a dispute with my credit card company. I also sent a complaint directly to Performance Golf, who defended their practice of adding the

CLASS ACTION COMPLAINT 8

stealth subscription.  In the end, they did, however, refund my money.  I just wanted to get the word out to folks that if you buy anything from Performance Golf, they will surreptitiously add their annoying "Scratch Club" subscription and bill your credit card $30 per month."

*Source:* https://forum.mygolfspy.com/topic/64382-performance-golf-scam/ *(last visited February 17, 2026).*

41.    Another post under the My Golf Spy forum thread on June 9, 2025 warns others:

Be careful of this company, after you buy anything, they sign you up for unwanted lessons and go ahead and charge your credit card without permission. Their customer service sucks as well.

*Source:*  https://forum.mygolfspy.com/topic/64382-performance-golf-scam/page/2/  *(last visited February 17, 2026).*

42.    Yet another post,   dated August 29, 2024,  described Performance Golf's subscription as follows:

When you purchase the $249 SF1 Driver, they automatically sign you up to join their Scratch Club subscription, which is $29 monthly.

*Source:* https://forum.mygolfspy.com/topic/64382-performance-golf-scam/ *(last visited February 17, 2026).*

43.    Performance Golf's conduct has also been discussed by detailed posts on Reddit's "Golf" subreddit page. One post from 2025 titled "WARNING: Performance Golf (Click Stick, Speed Stick, etc) is a Marketing Scam" warned of Defendants' practices, in response to which many comments lamented similar experiences:

Warning. Performance Golf (known for Click Stick, Speed Stick, etc.) is a marketing scam. I got scammed this month…

I created an account on their website today and tried to cancel. I cannot cancel without calling them. I will be calling them on Monday to cancel. It sucks because the product is actually pretty good. So the warning is: Read the fine print, Use a

CLASS ACTION COMPLAINT                                                                  9

> burner card, burner email address and temp phone number when using their website to avoid the hassle.
>
> TLDR; Bought the Click Stick, got unsolicited lesson/coaching offers, they charged me $31 two weeks after my purchase for a "subscription"

*Source:*https://www.reddit.com/r/golf/comments/1hon5e3/warning_performance_golf_click_stick_speed_stick/ *(last visited February 17, 2026)*

44.     In another thread on the r/golf subreddit from 2025 titled "Performance Golf credit card billing scheme," a poster stated:

> So I bought a one off video series lesson for a slice shot and wouldn't you know it, Performance Golf signed me up for some bogus $29 a month "club" which I found out about 7 months later. After calling them out for their ridiculous fine print, they graciously allowed me a 2 month refund on my membership. Needless to say it's all been referred out to my credit card company for dispute, and I will not be doing business with Performance Golf again. It would be one thing if I actually used the service or opted in to the club, but to just be signed up for their rebill is a pretty low-fi way to do business especially in the golf community. I'd stay away if I were you. Feels pretty scummy and there are more informative videos for free on You Tube and Facebook. And if you're a pro doing business with this company I'd reconsider associating yourself. Not an upstanding way to do business.

*Source:*https://www.reddit.com/r/golf/comments/1n6zjbh/performance_golf_credit_card_billing_scheme/ *(last visited February 17, 2026)*

45.     This broadly reported dissatisfaction across the internet regarding Performance Golf's subscription practices shows that Defendants were aware of customers' reactions to their conduct at all relevant times. Indeed, on the Better Business Bureau website, Performance Golf, through its official account, responded to many of the complaints.

46.     Despite knowing that these deceptive practices caused distress to customers, Defendants did not take any effective measures to ensure customers were made aware that purchasing an instructional service or tutorial program from Defendants would enroll the customer

CLASS ACTION COMPLAINT                                                          10

into a subscription of Scratch Club, or that this subscription would automatically renew indefinitely unless the customer proactively cancelled it. Nor did Performance Golf change its billing practices to obtain affirmative consent from customers before it placed monthly charges on their credit or debit cards.

47.    Accordingly, Defendants' conduct was motivated by an intent to deceive and entrap customers into unknowingly signing up for the Scratch Club subscription, such that they could be charged on an automatically renewing basis indefinitely.

48.    At all relevant times, Performance Golf failed to disclose or accurately represent the automatic renewal function of a Scratch Club subscription or its associated recurring charges in a way that would not deceive a reasonable customer.

## CLASS ACTION ALLEGATIONS

49.    Plaintiff brings this suit as a class action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23. This action may be properly maintained as a class action, as it satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Fed. R. Civ. P. 23.

50.    Plaintiff seeks to represent a class of all persons in the United States who were enrolled into Performance Golf's automatically renewing "Scratch Club" subscription after purchasing one of Defendants' other products, and were then charged on a monthly basis for the subscription (the "Class"). Additionally or alternatively, Plaintiff seeks to represent a class of all persons in California who were enrolled into Performance Golf's automatically renewing "Scratch Club" subscription after purchasing one of Defendants' other products, and were then charged on a monthly basis for the subscription (the "California Class") (collectively, the "Classes").

51.    Upon completion of discovery with respect to scope of the Classes, Plaintiff reserves the right to amend the class definition. Excluded from the Classes are Defendants, their parents, their subsidiaries and affiliates, and their directors and officers.

52.    While the exact number of members cannot be determined, the Classes consists of, at a minimum, thousands of persons. The members of the Classes are therefore so numerous that

CLASS ACTION COMPLAINT                                                                 11

joinder of all members is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

53.     There are common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members, including but not limited to:

a.     whether Defendants misrepresented, concealed, omitted, or failed to adequately disclose that purchasing a product or service provided by Performance Golf would enroll the purchaser into a Scratch Club subscription;

b.     whether Defendants misrepresented, concealed, omitted, or failed to adequately disclose the automatic renewal nature and ongoing charges associated with the Scratch Club subscription;

c.     whether Defendants' conduct violated the laws cited in the causes of action herein;

d.     whether Defendants were unjustly enriched by their conduct as alleged herein;

e.     whether Defendants' conduct damaged members of the Classes and, if so, the measure of those damages; and

f.     whether all members of the Classes are entitled to seek equitable and/or injunctive relief from Defendants, and if so, the measure and form of such relief.

54.     Plaintiff's claims are typical of the claims of the Classes because Plaintiff and all Class members have sustained damages arising out of Performance Golf's common course of conduct as alleged herein.

55.     Plaintiff will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4). Plaintiff is committed to pursuing this action and has retained competent counsel experienced in litigation of this type, and

CLASS ACTION COMPLAINT                                                              12

class action litigation in particular. Plaintiff has no interests antagonistic to those of other Class members.

56.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the respective Class members to seek redress for the wrongful conduct alleged. Plaintiff's counsel, highly experienced in class action litigation, foresees little difficulty in the management of this case a class action.

## CAUSES OF ACTION

## COUNT I

### Violation of the Florida Deceptive and Unfair Trade Practice Act

### Fla. Stat. § 501.204(1)

*On Behalf of the Class*

57.     Plaintiff hereby incorporates by reference all allegations made in the previous paragraphs.

58.     The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204(1).

59.     Defendants' conduct, as alleged herein, was likely to deceive a consumer acting reasonably in the same circumstances, and that conduct caused actual damages to Plaintiff and members of the Class.

60.     Plaintiff seeks damages, injunctive relief, other equitable relief, costs, and attorneys' fees as permitted by Fla. Stat. § 501.211 and § 501.2105.

## COUNT II

### Violation of the California Unfair Competition Law

### Cal. Bus. & Prof. Code §§ 17200, et seq.

*On Behalf of the California Class*

CLASS ACTION COMPLAINT                                                                 13

61.     Plaintiff hereby incorporates by reference all allegations made in the previous paragraphs.

62.     Plaintiff asserts this cause of action against Defendants for unlawful, unfair, and fraudulent business practices; and unfair, deceptive, untrue and misleading advertising, as defined by the UCL.

63.     Defendants' conduct violates the UCL, as the acts and practices of Defendants constitute a common and continuing course of conduct by means of "unlawful" "unfair" and "fraudulent" business acts or practices within the meaning of the UCL.

64.     Defendants' conduct was **<u>fraudulent</u>** within the meaning of the UCL insofar as Defendants misrepresented and/or concealed the fact that the purchase of a Performance Golf product would enroll the purchaser into a subscription that would automatically renew on a monthly basis and would impose recurring charges as part of the automatic renewal plan until proactively cancelled.

65.     Defendants' conduct is **<u>unlawful</u>**, and thus amounts to unfair competition as set forth in the UCL, in that it violates, among other things, California Civil Code §§ 1572, 1709 and 1710, California Business & Professions Code § 17500 (the False Advertising Law). Defendants' conduct also violates the California Business & Professions Code § 17602 (the Automatic Renewal Law, or "ARL"), pursuant to which:

It is unlawful for any business that makes an automatic renewal offer or continuous service offer to a consumer in this state to do any of the following: (1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or, in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer. (2) Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service

CLASS ACTION COMPLAINT                                                                                    14

offer that is made at a promotional or discounted price for a limited period of time. (3) Fail to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the automatic renewal offer or continuous service offer includes a free gift or trial, the business shall also disclose in the acknowledgment how to cancel, and allow the consumer to cancel, the automatic renewal or continuous service before the consumer pays for the goods or services. (4) Fail to obtain the consumer's express affirmative consent to the automatic renewal or continuous service offer terms. (5) Include any information in the contract that interferes with, detracts from, contradicts, or otherwise undermines the ability of consumers to provide their affirmative consent to the automatic renewal or continuous service. . . . (8) Fail to provide a consumer with a notice, before confirming the consumer's billing information and as may be required by subdivision (b), that clearly and conspicuously states all of the following: (A) That the automatic renewal or continuous service will automatically renew unless the consumer cancels. (B) The length and any additional terms of the renewal period. (C) The amount or range of costs the consumer will be charged and, if applicable, the frequency of those charges a consumer will incur unless the consumer takes timely steps to prevent or stop those charges. (D) One or more methods by which a consumer can cancel the automatic renewal or continuous service. (E) If the notice is sent electronically, the notice shall include either a link that directs the consumer to the cancellation process, or another reasonably accessible electronic method that directs the consumer to the cancellation process if no link exists. (F) Contact information for the business.

California Business & Professions Code § 17602.

66.     Defendants' conduct is **<u>unfair</u>**, and thus amounts to unfair competition as set forth in the UCL, in that it is immoral, unethical, oppressive, unscrupulous and substantially injurious to customers who end up with unexpected, continuous charges that cause financial distress,

CLASS ACTION COMPLAINT                                                                    15

outweighing any benefits of the conduct; and because it contravenes legislative policy as set forth in, *inter alia*, the ARL. Thousands of consumers in the nation like Plaintiff have been paying for a service that they had no knowledge of being enrolled in and, therefore, do not use. Defendants knowingly placed recurring monthly charges and retained wrongful funds from Plaintiff and members of the Class. Therefore, Defendants acted with conscious disregard for the rights of Plaintiff and members of the Class.

67. As a direct and proximate cause of Defendants' violations of the UCL, Plaintiff and the Class suffered an injury in fact and have suffered monetary harm. Defendants, on the other hand, have been unjustly enriched and should be required to make restitution to Plaintiff and the class pursuant to Business & Professions Code § 17203.

68. Significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law. Due to these differences in proof and certainty, equitable relief is appropriate because Plaintiff may lack an adequate remedy at law for damages. Even if legal remedies may be available, Plaintiff seeks equitable remedies in the alternative to legal remedies which are as of yet uncertain.

69. A constructive trust should be imposed upon all wrongful or inequitable proceeds received by Defendants traceable to Plaintiff and members of the Class.

## COUNT III

### Violation of the California Consumers Legal Remedies Act

### Cal. Civ. Code §§ 1750, et seq.

*On Behalf of the California Class*

70. Plaintiff hereby incorporates by reference all allegations made in the previous paragraphs.

71. The California CLRA prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale . . . of services to any consumer," which include: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have …." (§ 1770(a)(5)); and/or "Advertising goods or services with intent not to sell them as advertised" (§ 1770(a)(9)).

CLASS ACTION COMPLAINT                                                                              16

72. Defendants' conduct complained of herein violates Cal. Civ. Code § 1770(a)(5) in that Defendants misrepresented that Performance Golf products and/or services had the characteristic of being a one-time purchase, which it in fact they were not. As described above, when customers purchased what they believed to be a one-time service or program, Performance Golf enrolled them into an automatically renewing subscription for Scratch Club that it described as costing $0.00 in the cost column of the Order Summary. This presentation is misleading because it creates an impression that the subscription carries no charge, and/or that the subscription would not automatically renew indefinitely into the future. However, the truth is that after purchase, Performance Golf automatically enrolled customers into a subscription that renews on a monthly basis, resulting in repeated and undisclosed charges on the purchaser's credit or debit cards until the customer takes proactive steps to cancel the subscription.

73. Defendants' conduct complained of herein violates Cal. Civ. Code § 1770(a)(9) in that Defendants' advertising implied that their products and services were one-time purchases, while Defendants knew and intended that those purchases would result in the enrollment of customers into a subscription that would automatically renew every month.

74. The representations and omissions set forth above are of material facts that a reasonable consumer would have considered important in deciding whether to purchase a service from Performance Golf. Plaintiff and class members justifiably relied upon Defendants' misrepresentations and omissions to their detriment.

75. Plaintiff and the other members of the Class have been, and continue to be, injured as a direct and proximate result of Performance Golf's violations of Cal. Civ. Code § 1770, and are entitled to seek recovery, as well as to pursue costs and attorneys' fees under § 1780(e).

76. Under the requirements of Cal. Civ. Code 1782, Plaintiff will send a CLRA letter to Defendants. If Defendants fail to rectify these issues within the time period specified therein, Plaintiff will amend this Complaint, as permitted thereby, to assert claims for additional relief, including damages and punitive damages pursuant to Cal. Civ. Code § 3294.

## COUNT IV

### Unjust Enrichment

*On Behalf of the Class*

77.     Plaintiff hereby incorporates by reference all allegations made in the previous paragraphs.

78.     Through the conduct alleged herein, Performance Golf received and retained tangible benefits at the expense of Plaintiff and Class members, including monthly payments pursuant to subscriptions that Performance Golf surreptitiously imposed upon customers without their knowledge or consent, while failing to disclose that those subscriptions would automatically renew at a monthly charge.

79.     Under the principles of public policy and equity, Defendants should not be permitted to retain the revenue it acquired through its unlawful conduct, *i.e.*, Defendants' automatic enrollment and renewal subscription scheme. All money, assets, and benefits that Performance Golf has unjustly received because of their actions rightfully belong to the Class.

80.     To remedy Defendants' unjust enrichment at the expense of Plaintiff and the Class, the Court should order Defendants to immediately return Plaintiff's and Class Members' payments made as a result of Defendants' illicit conduct, and disgorge any amounts received by Defendants resulting therefrom.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that the Court award the following relief, together or in the alternative:

        a.     Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23;

        b.     Appoint Plaintiff as representative of the Classes, and designate the undersigned as Class Counsel;

        c.     Declare Defendants' conduct unlawful;

        d.     Enjoin Defendants from continuing the unlawful conduct alleged herein;

e.     Award Plaintiff and the Class damages under common law and/or by statute, including punitive damages;

f.     Grant Plaintiff and the Class payment of the costs of prosecuting this action, including expert fees and expenses;

g.     Grant Plaintiff and the Class payment of reasonable attorneys' fees; and

h.     Grant such other equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and Class Members demand a trial by jury on all triable issues.

Dated: March 2, 2026                          Respectfully submitted,

/s/ Philip M. Black
Philip M. Black (SBN 308619)
Samuel Coffin (*pro hac vice* application to be filed)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
Email: pblack@wolfpopper.com
            scoffin@wolfpopper.com

Jared K. Carter (*pro hac vice* application to be filed)
**KINGSBURY LAW PLLC**
70 S. Winooski Ave, #280
Burlington, VT 05401
Telephone: (207) 319-6050
Email: kingsburylawoffice@gmail.com


*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT                                              19